# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WATCHY TECHNOLOGY PRIVATE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>TATA COMMUNICATIONS (AMERICA) INC.,<br><br>Defendant. | C.A. No. 22-725-CFC<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL

OF COUNSEL:
KAPLAN BREYER SCHWARZ, LLP
  Jeffrey I. Kaplan
  90 Matawan Road, Suite 201
  Matawan, NJ, 07747
  jkaplan@kbsiplaw.com

  Michael R. Gilman
  600 Third Ave., 2nd Floor
  New York, NY 10016
  (732) 578-0103
  mgilman@kbsiplaw.com

SMITH KATZENSTEIN & JENKINS LLP

Neal C. Belgam (#2721)
Eve H. Ormerod (#5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Defendant Tata Communications (America), Inc.*

Dated: August 29, 2022

# **TABLE OF CONTENTS**

**I.** Nature and Stage of the Proceedings ................................................................. 1

**II.** Summary of Argument ....................................................................................... 1

**III.** Argument ............................................................................................................ 2

    **A.** The Complaint May Not Be Used to Create a Cause of Action ............... 2

        a. Standard of Review ................................................................................ 2

        b. Required Elements of Indirect and Willful Infringement ........... 3

        c. Plaintiff's Complaint is Impermissibly Self-Reliant to Establish its' Indirect and Willful Infringement Causes of Action ............ 4

**IV.** Conclusion .......................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964) .................................................................................................. 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 2

*Callwave Comm'cns LLC v. AT & T Mobility LLC*,
   No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) ....................... 4, 5

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) .................................................................................................. 3

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
   No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020) .......................... 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) .................................................................................................. 3

*Helios Streaming, LLC v. Vudu, Inc.*,
   No. 19-1792-CFC, 2020 WL 3167641 (D. Del. June 15, 2020) ....................... 3, 5

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ................................................................................... 2

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) ........................................................................ 4

*Marangos v. Swett*,
   341 F. App'x 752 (3d Cir. 2009) ............................................................................. 2

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997) .............................................................................. 2

*Proxyconn Inc. v. Microsoft Corp.*,
    No. 11-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ................................ 4

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ............................ 3

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021) ................................................................ 4, 5

I. **Nature and Stage of the Proceedings**

Plaintiff Watchy Technology Private Limited ("Plaintiff") filed this Action against Defendant Tata Communications (America) Inc. ("Defendant") on June 2, 2022. (D.I. 1). A Court ordered stipulation provides that Defendant shall have until August 29, 2022 to respond. (D.I. 10). Defendant has not yet filed an Answer.

II. **Summary of Argument**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant hereby moves for dismissal of Plaintiff's claims for inducement of infringement, contributory infringement, and willfulness, set forth in the Complaint at ¶¶ 119-124 and item D in the Prayer for Relief.

Out of a 72-page Complaint, Plaintiff includes just a few paragraphs that purport to plead indirect infringement – inducement and contributory infringement. (D.I. 1, pp. 68-69, ¶¶ 119-123). Plaintiff also seeks enhanced damages based upon a purported allegation of willful infringement in a single paragraph. (D.I. 1, at pp. 69-70, ¶ 124). However, the only fact pled to establish Defendant's knowledge of the patent in suit – required for Plaintiff's claims of inducement and contributory infringement, as well as for its claim of willfulness – is the filing and service of "this suit." (D.I. 1, p. 68, ¶¶ 119-124).

Specifically, Plaintiff purports to plead the knowledge required for contributory and inducement of infringement by asserting "[S]ince receiving notice

1

of the '726 Patent, including, if necessary, from this suit…" (D.I. 1, ¶¶119-120). Further, Plaintiff purports to plead the knowledge required for willfulness by asserting that "Defendant is being made aware of infringement of the '726 Patent…at least via the infringement allegations set forth herein...Defendant's post-suit continuance of its [alleged infringement] is necessarily willful…since receiving notice of this suit, Defendant has willfully infringed the '726 Patent." (D.I. 1, ¶¶123-24).

The law does not permit Plaintiff to use its own Complaint for the purpose of establishing a required element of its cause of action.  Accordingly, Plaintiff's claims for inducement and contributory infringement, and for willfulness, should be dismissed.

### III. Argument

#### A. The Complaint May Not Be Used to Create a Cause of Action

##### a. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While courts must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light

most favorable to the plaintiff," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), courts "need not credit a complaint's bald assertions or legal conclusions" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quotation omitted). As the Third Circuit has made clear: *Iqbal*'s "plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." *Marangos v. Swett*, 341 F. App'x 752, 755 (3d Cir. 2009) (quotation omitted).

### b. Required Elements of Indirect and Willful Infringement

To plead indirect infringement – inducement or contributory infringement — the Complaint must plead specific facts that, if true, establish that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent in suit. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, (2011) ("[I]nduced infringement…requires knowledge that the induced acts constitute patent infringement."); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (contributory infringement "require[s] a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing").

Similarly, a claim of willful infringement requires that the defendant knew

about the asserted patent and knew or should have known that its conduct amounted to infringement of the patent. *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *1 (D. Del. Mar. 26, 2019).

### c. Plaintiff's Complaint is Impermissibly Self-Reliant to Establish its' Indirect and Willful Infringement Causes of Action

A plaintiff may not rely upon its own complaint to establish the requisite knowledge for inducement, contributory infringement, or willfulness, because "the purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Helios Streaming, LLC v. Vudu, Inc.*, No. 19-1792-CFC, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020); *Dynamic Data Techs., LLC v. Brightcove Inc.*, No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (dismissing induced infringement claims where the plaintiff alleged that the defendant became "aware that its accused products allegedly infringe as of the filing of the Complaint"); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009); *Callwave Comm'cns LLC v. AT & T Mobility LLC*, No. 12-1701-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014); *Proxyconn Inc. v. Microsoft Corp.*, No. 11-1681, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[R]equiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit. Pre-litigation attempts at resolution are especially desirable in patent cases, which are often expensive and thus resolved by settlement.").

The requirement of pre-suit knowledge of the asserted patents is especially warranted for enhanced damages claims for willful infringement because patents may be kept secret until they issue. In such cases, allowing the complaint itself to be used to establish the knowledge of the patent necessary for a claim of willful infringement would "provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents." *Zapfraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251-52 (D. Del. 2021).

What's more, if the filing of the Complaint itself could establish the requisite knowledge for willfulness, then any decision to defend any case on the merits, rather than agreeing to an immediate and preliminary injunction, would establish the requisite knowledge for willfulness. *Callwave,* 2014 WL 5363741, at *1. Such a system would require a party, such as Tata Communications here, to close down its business immediately upon being served with the Complaint, or risk treble damages for willful infringement, even when infringement and validity of the patent are in significant doubt.

Here, ¶¶ 119-124 the Complaint, as well as item D in the Prayer for Relief, impermissibly rely exclusively upon the filing and service of the Complaint itself to create the requisite knowledge for contributory and inducement of infringement, as well as for willfulness. As such, these paragraphs fail to state a claim for these

causes of action.

## IV. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's claims for inducement of infringement, contributory infringement, and willfulness by striking paragraphs 119-124 of the Complaint and item D in the Prayer for Relief.[1]

| | |
|---|---|
| OF COUNSEL: | SMITH KATZENSTEIN & JENKINS LLP |
| KAPLAN BREYER SCHWARZ, LLP | |
| Jeffrey I. Kaplan | */s/ Eve H. Ormerod* |
| 90 Matawan Road, Suite 201 | Neal C. Belgam (#2721) |
| Matawan, NJ, 07747 | Eve H. Ormerod (#5369) |
| jkaplan@kbsiplaw.com | 1000 West Street, Suite 1501 |
| | Wilmington, DE 19801 |
| Michael R. Gilman | (302) 652-8400 |
| 600 Third Ave., 2nd Floor | nbelgam@skjlaw.com |
| New York, NY 10016 | eormerod@skjlaw.com |
| (732) 578-0103 | |
| mgilman@kbsiplaw.com | *Attorneys for Defendant Tata Communications (America), Inc.* |

---

[1] Some courts have reached a different conclusion. *Zapfraud*, 528 F. Supp. 3d at 249 n.1, collecting cases. Nonetheless, for the reasons explained at length in *Helios*, *Zapfraud*, and similar cases, the dismissal urged herein should be granted.

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations specified in D. Del. LR 7.1.3 and the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases. According to the word processing system used to prepare this document, the brief contains 1213words. This total excludes the cover page, signature block, the table of contents, table of authorities, and certification.

I further certify that this brief complies with the typeface requirements set forth in the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases because this brief was prepared using Microsoft Word in 14-point Times New Roman font.

*/s/ Eve H. Ormerod*
Eve H. Ormerod (#5369)
