IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WATCHY TECHNOLOGY<br>PRIVATE LIMITED,<br><br>     Plaintiff,<br><br>v.<br><br>TATA COMMUNICATIONS<br>(AMERICA) INC.,<br><br>     Defendant. | :<br>:<br>:<br>:<br>:<br>:  C.A. No. 22-725-CFC<br>:<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

**<u>PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL</u>**

Of Counsel:
Shea N. Palavan
PALAVAN & MOORE, PLLC
5353 West Alabama Street, Suite 303
Houston, Texas 77056
4590 MacArthur Boulevard, Suite 500
Newport Beach, California 92660
Telephone: (832) 800-4133
Facsimile: (855) 725-2826
shea@houstonip.com

Dated: October 3, 2022

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
PHILLIPS, MCLAUGHLIN & HALL, P.A.
Wilmington, Delaware 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Plaintiff,
Watchy Technology Private Limited*

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... II

TABLE OF AUTHORITIES............................................................................................. III

    A.   Cases ................................................................................................ iii
    B.   Statutes ............................................................................................... v
    C.   Rules ................................................................................................... v
    D.   Treatises ............................................................................................. v

I.    INTRODUCTION ........................................................................................ 1

II.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ..................... 1

III.  SUMMARY OF THE ARGUMENT ................................................................... 2

IV.  STATEMENT OF FACTS ............................................................................... 2

V.   ARGUMENT ............................................................................................... 6

    A.   Legal Standard .................................................................................. 6

        *1.*   *General Pleading Standard* ....................................................... 6
        *2.*   *Pleading Indirect Infringement* ................................................. 9
        *3.*   *Pleading Willful Infringement* ................................................ 10

    B.   Plaintiff Should Be Permitted To File An Amended Complaint For Indirect And Willful Infringement......................................................... 11

VI.  CONCLUSION AND PRAYER FOR RELIEF ..................................................... 13

# TABLE OF AUTHORITIES

## A. Cases

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964) .................................................................................... 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................ 6, 7, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................. 6, 7

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
   2017 U.S. Dist. LEXIS 1243 (S.D.N.Y. Jan. 4, 2017) ....................................... 12

*Buck v. Hampton Twp. Sch. Dist.*,
   452 F.3d 256 (3d Cir. 2006) ........................................................................... 8

*Burtch v. Milberg Factors, Inc.*,
   662 F.3d 212 (3d Cir. 2011) ........................................................................... 8

*Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*,
   2012 U.S. Dist. LEXIS 104982 (D. Del. July 27, 2012) .................................. 12

*Clouding IP, LLC v. Amazon.com, Inc.*,
   2013 U.S. Dist. LEXIS 73655 (D. Del. May 24, 2013) .................................... 12

*Connelly v. Lane Construction Corp.*,
   809 F.3d 780 (3d Cir. 2016) ........................................................................... 8

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l
   Ass'n*,
   776 F.3d 1343 (Fed. Cir. 2014) ..................................................................... 8

*DermaFocus LLC v. Ulthera, Inc.*,
   201 F.Supp. 3d 465, 470 (D. Del. 2016) ......................................................... 9

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256, 1260 (Fed. Cir. 2018) ............................................................. 7

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020) ..................................................................... 11

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ......................................................... 7

*Express Mobile, Inc. v. Squarespace, Inc.*,
  No. 20-1163-RGA, 2021 U.S. Dist. LEXIS 161259 (D. Del. Aug.
  25, 2021) .................................................................................................9, 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93, 136 S.Ct. 1923 (2016) ....................................................................11

*Hedges v. United States*,
  404 F.3d 744 (3d Cir. 2005) .................................................................................7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) .......................................................................8, 10

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005) ............................................................................9

*Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*,
  No. 14-874-SLR-SRF, 2015 U.S. Dist. LEXIS 85279 (D. Del. July
  1, 2015) ...............................................................................................................10

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ................................................................... 6, 7, 8

*Novartis Pharms. Corp. v. Alkem Lab'ys* (*In re Entresto
  Sacubitril/Valsartan Patent Litig.*),
  No. 20-2930-RGA, 2022 U.S. Dist. LEXIS 174611 (D. Del. Sep. 27,
  2022) .................................................................................................................6, 7

*Sanofi-Aventis U.S. LLC v. Apotex Corp.*,
  No. 20-cv-804-RGA, 2022 U.S. Dist. LEXIS 120578 (D. Del. July
  8, 2022) .................................................................................................................9

*Skinner v. Switzer*,
  562 U.S. 521 (2011) .............................................................................................6

*SRI Int'l, Inc. v. Cisco Systems, Inc.*,
  14 F.4th 1323 (Fed. Cir. 2021) ...........................................................................11

*TLI Communs. LLC v. AV Auto., L.L.C.* (*In re TLI Communs. LLC
  Patent Litig.*),
  823 F.3d 607 (Fed. Cir. 2016) ..............................................................................8

*Tonal Sys. v. Ifit Inc.*,
   No. 20-1197-LPS-CJB, 2022 U.S. Dist. LEXIS 61086 (D. Del. Mar.
   30, 2022) ............................................................................................... 1, 2, 10, 11, 12

*Valinge Innovation AB v. Halstead New England Corp.*,
   2018 U.S. Dist. LEXIS 88696, 2018 WL 2411218 (D. Del. May 29,
   2018) ......................................................................................................................12

*VLSI Tech. LLC v. Intel Corp.*,
   No. 18-966-CFC, 2019 U.S. Dist. LEXIS 49801 (D. Del. Mar. 26,
   2019) ......................................................................................................................10

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   138 S.Ct. 2129 (2018)............................................................................................11

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   837 F.3d 1358 (Fed. Cir. 2016), *rev'd on other grounds*, 138 S.Ct.
   2129 (2018)............................................................................................................11

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F.Supp. 3d 247 (D. Del. 2021).......................................................................10

## B. <u>Statutes</u>

35 U.S.C. § 271....................................................................................................................9

## C. <u>Rules</u>

FEDERAL RULE OF CIVIL PROCEDURE 8......................................................................6

## D. <u>Treatises</u>

5B Charles A. Wright & Arthur R. Miller,
   FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)....................................8

## I. INTRODUCTION

Plaintiff, Watchy Technology Private Limited (hereinafter, "Plaintiff"), hereby respectfully files this Answering Brief in opposition to Defendant, Tata Communications (America) Inc.'s (hereinafter, "Defendant"), Motion for Partial Dismissal (D.I. 12; the "Motion"). Although Plaintiff does not dispute that the original Complaint (D.I. 1) does not plead pre-suit notice for Plaintiff's indirect and/or willful infringement claims for Defendant's infringement of U.S. Patent No. 10,454,726 (hereinafter, the "Patent-in-Suit"), Plaintiff hereby respectfully requests leave to amend so that the original Complaint (D.I. 1) may serve as sufficient notice as of the date of filing. *See Tonal Sys. v. Ifit Inc.*, No. 20-1197-LPS-CJB, 2022 U.S. Dist. LEXIS 61086, *4 (D. Del. Mar. 30, 2022).

## II. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On June 2, 2022, Plaintiff filed this action against Defendant for infringement of the Patent-in-Suit. D.I. 1. Plaintiff concurrently filed actions against three other companies in this Court, namely Broad Sky Networks, LLC (C.A. No. 22-721), Mushroom Networks Inc. (C.A. No. 22-722), and LiveU, Inc. (C.A. No. 22-723), for infringement of the Patent-in-Suit. On August 29, 2022, Defendant filed its Motion and Opening Brief in support (D.I. 12 & 13) requesting that this Court partially dismiss the Complaint for failure to state a claim upon which relief can be granted. This is Plaintiff's Answering Brief in opposition to that Motion.

### III.  SUMMARY OF THE ARGUMENT

Plaintiff does not dispute Defendant's arguments regarding pre-suit knowledge for Plaintiff's claims for indirect and willful infringement. However, for post-suit notice, any alleged deficiencies in Plaintiff's pleadings can easily be resolved by an amended complaint. Thus, Plaintiff hereby respectfully requests this Honorable Court grant Plaintiff leave to file an amended complaint, permitting Plaintiff's original Complaint (D.I. 1) to serve as post-suit notice. *See Tonal*, 2022 U.S. Dist. LEXIS 61086 at *4.

### IV.  STATEMENT OF FACTS

Plaintiff's original Complaint (D.I. 1) sets forth Plaintiff's claims for direct infringement, indirect infringement, and willful infringement of the Patent-in-Suit by Defendant. D.I. 1 at ¶¶ 106-124. The original Complaint (D.I. 1) specifically identifies the accused products of Defendant, alleging that Defendant has infringed the Patent-in-Suit by and through its MOVE system, including because "Defendant practices the claimed methods and provides the claimed systems with and via its MOVE services, and products related thereto, including, without limitation, its MOVE SIM Connect, MOVE IoT Connect, and MOVE Mobile Network Enablement services, and products related thereto." D.I. 1 at ¶ 106. The original Complaint (D.I. 1) further alleges, more specifically, how the named infringing products so infringe, including alleging that "the MOVE system comprises systems and methods which comprises enterprise equipment, including a user device and

2

intermediate server, wherein the user device comprises multiple wireless technologies, including 4G/5G mobile data technologies, which permit communication with the intermediate server over one or more of these wireless technologies, which are enabled and/or disabled as needed based on specified criteria, such as the type of data communicated or bandwidth required, so that the intermediate server receives individual pieces of allocated data from the user device via each of the enabled wireless technologies, reassembles these data pieces into the full data to be communicated, and transfers that data to an ultimate destination server via the intermediate server's ethernet or other communication technology." *Id.* at ¶ 109.

The original Complaint (D.I. 1) goes on to allege how these specifically named products infringe each element of the Patent-in-Suit. D.I. 1 at ¶¶ 110-118. In each of the respective paragraphs corresponding to each element of the Patent-in-Suit, Plaintiff sets forth the specific facts evidencing how the infringing product operates and/or is made in an infringing manner, including images from, *inter alia*, Defendant's publicly available information which evidences the method and/or manner in which the infringing products infringe the Patent-in-Suit. *Id.* at ¶¶ 110-118. For example, the original Complaint (D.I. 1) specifically alleges that "the MOVE system permits improved data communications, including via increased available bandwidth therefor, between a client device and remote server, including via, *inter alia*, the use of an intermediate server and the selective enabling of one or

more RATs of the client device which correspond to respective RATs of the intermediate server, including based on specified criteria, including based on, *inter alia*, the type of data communicated, the application and/or method requesting communication, and/or bandwidth required for communication" – which set forth, at least in part, the criteria used by the MOVE system to selectively enable one or more of the included network interfaces. *Id*. at ¶ 110. Moreover, the images following these allegations include citations to Tata's own documentation which mentions that "Tata Communications MOVE provides bonded cellular transmission (aggregating data streams from multiple cellular SIMS) in a programmable, seamless, and on-demand model" – which Plaintiff understands and believes to mean at least Defendant's MOVE system selectively enables the one or more network connections on an as-needed basis in order, *inter alia*, to "offer[] quality, reliable, and scalable network operator services" (*i.e.*, selectively enabling based on sufficient bandwidth for the required "quality, reliability, and/or scalability"). *Id*. at ¶ 110, p. 56.

The original Complaint (D.I. 1) further alleges the "MOVE system comprises a user equipment" by "include[ing] a device provided for use by the user," such as a "high throughput video contribution," *e.g.*, "small set-up that can be carried in a back pack" (*id*.) and/or "Portable Broadcast Units" (*id*. at ¶ 110, p. 57), and "an intermediate server" by including "either and/or both a cloud-based and/or enterprise, purpose-built cellular-based server for serving as an intermediary

4

between the user equipment and a selected destination server," such as a "nearest regional Tata Communications Media PoP" (*id.* at ¶ 112, pp. 57-58). The original Complaint (D.I. 1) goes on to allege that the MOVE system comprises selective enabling of network connections by the user device, including by "permit[ting] the use of any number of available wireless technologies of the user equipment, including based on bandwidth needs, the data being communicated (*e.g.*, live video streams), and/or to enhance reliability of the communications." *Id.* at ¶ 113, p. 58-59. These allegations are followed by numerous images evidencing that, *inter alia*, the MOVE system aggregates multiple networks of varying bandwidths and can "aggregate[e] data streams from multiple cellular SIMs." *Id.* at ¶ 113, p. 59. Further, in multiple instances, Defendant's own documentation indicates that network connections are for "on-the-go usage" and that "[c]ustomers can connect to the internet via local cellular networks and ultimately back to a received located in the nearest regional Tata Communications Media PoP," indicating that not all of the connections may be used at any one time. *See, e.g.*, *id.* at ¶ 113, p. 59-60. At a minimum, this selective use of "more than 600 mobile operators" is alleged to relate to the type or quality of content being transmitted (*e.g.*, video or voice solutions) – *i.e.*, the MOVE system considers how many connections to enable based, *inter alia*, upon a data threshold and/or type of content being communicated, including in order to provide "excellent video quality, bandwidth management and reliability." *Id.*

The original Complaint (D.I. 1) also includes allegations regarding indirect

5

infringement via both induced infringement (*id*. at ¶¶ 119 & 121-123) and contributory infringement (*id*. at ¶¶ 120-123) and willful infringement (*id*. at ¶¶ 121-124).

V.   <strong>ARGUMENT</strong>

**A. Legal Standard**

### 1. General Pleading Standard

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Novartis Pharms. Corp. v. Alkem Lab'ys* (*In re Entresto Sacubitril/Valsartan Patent Litig.*), No. 20-2930-RGA, 2022 U.S. Dist. LEXIS 174611, *5 (D. Del. Sep. 27, 2022) (*quoting Twombly*, 550 U.S. at 558). To state a claim upon which relief can be granted, and survive a motion under Rule 12(b)(6), a complaint need only satisfy "FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2)[, which] 'generally requires only a plausible "short and plain" statement of the plaintiff's claim,'" with sufficient factual matter, accepted as true, to show the plaintiff is entitled a facially plausible claim to relief. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1346 (Fed. Cir. 2018) (*quoting Skinner v. Switzer*, 562 U.S. 521, 530 (2011)); *see* FED. R. CIV. P. 8(a)(2); *Novartis*, 2022 U.S. Dist. LEXIS 174611 at *5; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The movant under Rule 12(b)(6) "bears the burden of showing

6

that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "The facial plausibility standard is satisfied when the complaint's factual content 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Novartis*, 2022 U.S. Dist. LEXIS 174611 at *5-*6 (*citing Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.")); *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). "The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a 'formulaic recitation' of the claim elements." *Novartis*, 2022 U.S. Dist. LEXIS 174611 at *5. (*quoting Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level" while assuming the factual allegations are true (even if doubtful in fact).)). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The "purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Nalco*, 883 F.3d at 1350 (*quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,

7

681 F.3d 1323, 1335 (Fed. Cir. 2012)). *Id.*

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts apply regional circuit law. *See TLI Communs. LLC v. AV Auto., L.L.C.* (*In re TLI Communs. LLC Patent Litig.*), 823 F.3d 607, 610 (Fed. Cir. 2016) (*citing Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014)). The Third Circuit requires application of a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 675 & 679); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In this analysis, the court may also consider documents "attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (*quoting* 5B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)).

### 2. *Pleading Indirect Infringement*

"To state a claim of induced infringement under § 271(b), the complaint must plausibly allege that (1) there has been direct infringement, (2) the defendant knowingly induced infringement, and (3) the defendant possessed the intent to encourage another's infringement." *Sanofi-Aventis U.S. LLC v. Apotex Corp.*, No. 20-cv-804-RGA, 2022 U.S. Dist. LEXIS 120578, *25 (D. Del. July 8, 2022) (c*iting MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)).

"In order to establish contributory infringement, the patent owner must demonstrate sale of a 'a component or material for use in a patented process constituting a material part of the invention; knowledge by the defendant that the component is especially made or especially adapted for use in an infringement of such patent; and the component is not a staple or article suitable for non-infringing use.'" *Express Mobile, Inc. v. Squarespace, Inc.*, No. 20-1163-RGA, 2021 U.S. Dist. LEXIS 161259, *11 (D. Del. Aug. 25, 2021) (*quoting DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 470 (D. Del. 2016) (numbering omitted)). Contributory infringement "require[s] a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). "The Federal Circuit has ruled that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not

9

undermine that allegation." *Squarespace*, 2021 U.S. Dist. LEXIS 161259 at *11 (*quoting Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, No. 14-874-SLR-SRF, 2015 U.S. Dist. LEXIS 85279, *7 (D. Del. July 1, 2015) (*citing In re Bill of Lading*, 681 F.3d at 1339).

Claims for indirect infringement – *i.e.*, induced and/or contributory infringement – "require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021). However, while pre-suit knowledge is generally required to be alleged by actions prior to the filing of the complaint, the complaint may provide sufficient evidence of such knowledge, including because "[p]ermitting the original complaint to supply the requisite knowledge does not…alter any pleading requirement." *Tonal*, 2022 U.S. Dist. LEXIS 61086 at *4.

### 3. *Pleading Willful Infringement*

Claims in a complaint for enhanced damages on willful infringement require the defendant's pre-suit knowledge of the asserted patent. *ZapFraud*, 528 F. Supp. at 249; *see also VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 U.S. Dist. LEXIS 49801, *3 (D. Del. Mar. 26, 2019) ("Under Federal Circuit law, to allege plausibly a willfulness-based enhanced damages claim, [the patentee] must allege facts from which it can be plausibly inferred both that [the accused infringer] knew

about the asserted patents and that [the accused infringer] knew or should have known that its conduct amounted to infringement of those patents."). A determination of willfulness requires a finding of "deliberate or intentional" infringement. *SRI Int'l, Inc. v. Cisco Systems, Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). A finding of "subjective willfulness," proof that the defendant acted in the face of a risk of infringement that was "either known or so obvious that it should have been known to the accused infringer," can satisfy this standard. *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (*quoting Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 136 S.Ct. 1923, 1930 (2016), *rev'd on other grounds*, 138 S.Ct. 2129 (2018)).

### B. Plaintiff Should Be Permitted To File An Amended Complaint For Indirect And Willful Infringement.

Plaintiff does not dispute that the Complaint does not plead pre-suit notice for claims for indirect and willful infringement. However, Defendant's sole argument regarding post-suit notice relies on case law stating that an ***original complaint*** cannot serve as the basis for post-suit notice. The case law holds that, where an original complaint pleads post-suit notice and an amended complaint further pleads post-suit notice based on the original complaint, the original complaint is sufficient basis to satisfy the pleading standard for post-suit notice. *See Tonal*, 2022 U.S. Dist. LEXIS 61086 at *4. This is true because, "at the time of filing the amended

11

complaint, [Plaintiff's] good faith basis for asserting induced and willful infringement claims did not need to rely on any 'potential future conduct.'" *Tonal*, 2022 U.S. Dist. LEXIS 61086 at *4 (*quoting Valinge Innovation AB v. Halstead New England Corp.*, 2018 U.S. Dist. LEXIS 88696, 2018 WL 2411218, *11 (D. Del. May 29, 2018) (finding that "relevant date for determining which conduct is pre-suit" for purposes of alleging willful infringement is "the date of the filing of the willful infringement claim at issue"); *Clouding IP, LLC v. Amazon.com, Inc.*, 2013 U.S. Dist. LEXIS 73655, *4 (D. Del. May 24, 2013) (finding that time between filing of original complaint and filing of amended complaint should be deemed "pre-filing" with respect to willful infringement claims alleged in amended complaint).

"With respect to the requisite knowledge, there is 'little practical difference between a pre-complaint notice letter informing a defendant about a patentee's allegation of infringement and a subsequently-superseded original complaint formally alleging infringement.'" *Tonal*, 2022 U.S. Dist. LEXIS 61086 at *4 (*quoting Clouding IP*, 2013 U.S. Dist. LEXIS 73655 at *4). "Since such a pre-suit notice letter can satisfy the knowledge requirement for pleading willful and induced infringement,…it follows that the original complaint is likewise sufficient." *Tonal*, 2022 U.S. Dist. LEXIS 61086 at *4 (*citing Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*, 2012 U.S. Dist. LEXIS 104982, *3 (D. Del. July 27, 2012); *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 2017 U.S. Dist. LEXIS 1243, *6 (S.D.N.Y. Jan. 4, 2017)). Thus, granting Plaintiff leave to amend so that it may

properly plead post-suit knowledge as a result of Defendant's awareness of infringement through Plaintiff's original Complaint (D.I. 1) would resolve any issues noted in Defendant's Motion with regard to post-suit notice.

Therefore, to the extent this Court finds Plaintiff failed to sufficiently plead post-suit notice for its indirect and/or willful infringement claims, Plaintiff hereby respectfully requests that this Court grant Plaintiff leave to amend in order to plead post-suit notice as a result of Plaintiff's original Complaint.

## VI.   CONCLUSION AND PRAYER FOR RELIEF

In view of the foregoing, Plaintiff respectfully submits that the Court should grant Plaintiff leave to amend its Complaint to sufficiently plead knowledge of infringement for its claims for indirect and willful infringement.

Dated: October 3, 2022

Respectfully submitted,

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
PHILLIPS, MCLAUGHLIN & HALL, P.A.
Wilmington, Delaware 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

Of Counsel:
Shea N. Palavan
PALAVAN & MOORE, PLLC
5353 West Alabama Street, Suite 303
Houston, Texas 77056
4590 MacArthur Boulevard, Suite 500

13

Newport Beach, California 92660
Telephone: (832) 800-4133
Facsimile: (855) PALAVAN (725-2826)
shea@houstonip.com

*Attorneys for Plaintiff,*
*Watchy Technology Private Limited*